[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 1, 1987 in Ansonia, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Christopher Michael Rusinik, born June 1, 1989.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow. CT Page 534
The plaintiff has worked continuously as a waitress throughout this 7 year marriage. She took a minimum maternity leave when the minor child was born in June 1989. She has on occasion worked 2 jobs. The plaintiff earned an average of $97. net per week plus tips which averaged between $80 to $100 per week. The plaintiff is in good health and has a high school education. The plaintiff turned her pay check over to her husband and he in turn made the car payments on her motor vehicle, the 1987 Chevrolet Monte Carlo.
The defendant has also been gainfully employed as a truck driver by Len Crete. In 1992 the defendant earned $30,563. The defendant has periods of lay offs and at the present time he is receiving unemployment compensation of $316. per week plus a V.A. Disability of $37.41 per week.
In the past, the defendant has done automobile work for friends and neighbors, earning additional sums of cash money. The defendant has a hobby of restoring, refurbishing and refinishing motor vehicles. The defendant's last hourly rate at Len Crete was $16.93 per hour.
The plaintiff claimed that the defendant was tight with money. The plaintiff had to obtain City Welfare and food stamps on occasions. The defendant claims that the plaintiff had an affair with another man. The plaintiff also claims she had to borrow $2000 from her mother to pay the car taxes on 3 cars owned by the parties. The defendant was able to put substantial sums of money into the refinishing of the Camaro motor vehicle and the purchase of the corvette.
The plaintiff left the marital home in early 1992 and the parties have lived apart since that time.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown. Neither party understands the meaning of veracity and full disclosure. The court is left to sift through a morass of accusations and counter accusations in an attempt to render a fair and equitable decision. THe [The] court has carefully considered all the statutory criteria in arriving at the decisions reflected in the orders that follow.
The parties were at issue with respect to the motor vehicles, CT Page 535 the real estate, the Home Equity Loan and the I.R.S. Refund.
The court is reviewing these issues before entering its orders.
Camaro Motor Vehicle
In 1985, prior to the parties' marriage, the defendant purchased a 1968 Camaro Motor Vehicle for $1500 to $1800. The defendant performed substantial work on this car including new parts, interior, body work and a new paint job. Although the defendant has put this car into working order it is not considered a restored vehicle because he did not use authentic parts according to his expert witness. The defendant's expert put a retail value of $4500 to $5000 on this car. The defendant has insured this car for $12000. Although not an authentically restored motor vehicle, but rather a refurbished motor vehicle, the defendant testified at length as to the number of trophies this car has won. The plaintiff did not have an expert appraise this motor vehicle. The plaintiff's brother, William Lynk, Jr., who is an auto mechanic claims to have seen an appraisal for $20,000 to $25,000. This witness testified this car is worth $20,000. There was testimony that the defendant spent $10,000 to restore this car.
Corvette Motor Vehicle
The defendant also had a 1963 Corvette which disappeared around the time this dissolution action was started. The defendant husband told the plaintiff wife he paid $6000 for this car and that it was purchased from an attorney in Florida. The plaintiff claims to nave seen a title for this car. When pressed as to details about the purchase of this car, the defendant took the Fifth Amendment.
Real Estate
In 1986, prior to this marriage, the defendant purchased the property at 56 Elaine Drive, Ansonia from his brother and sister. The Fair Market Value at the time of purchase was $90,000. The defendant claims to have put $5000 to $6000 into the home prior to the marriage. There was no documented evidence to sustain and prove the defendant's claim. The defendant claims the property is worth $122,000. Neither party had the property appraised. The home has a downstairs in-law type apartment which in the past CT Page 536 has been rented for $500 per month. Each party gave a different description of this apartment. No photographs were presented to verify its present condition. The apartment is not rented at the present time. The Real Estate is encumbered by a first mortgage of $57000 and a Home Equity Loan of approximately $20,000.
Home Equity Loan
The Defendant took out a Home Equity Loan of approximately $20,000 in December 1992. He has used approximately $18,500. The defendant used the proceeds to pay down some bills, to pay his counsel fees, and to purchase a motor vehicle. The expenditure of the proceeds of this loan were difficult to track due to the defendant's poor memory and incomplete records of disclosure.
I.R.S. Tax Refund
The parties filed a joint tax return for the year 1992 and received a tax refund of $3880. The defendant signed the plaintiff's name to this check and received all the proceeds. Thereafter, on March 30, 1993 the plaintiff agreed to accept $500 in lieu of any claims to this refund. (Plaintiff's Exhibit B). As part of her claim for relief, the plaintiff now claims she is entitled to one half of this refund.
The following orders shall enter:
A. Custody Visitation
1. There shall be joint custody of the minor child, Christopher, with physical custody to the plaintiff. The parties shall confer and consult with one another regarding all major decisions affecting the child including health, education and welfare of the minor child. The plaintiff shall have the final decision making.
2. The defendant shall have reasonable and liberal visitation which shall include but not be limited to alternate weekends from Friday at 5:00 PM until Sunday at 6:00 PM.
3. The parties shall alternate the major holidays as they shall agree.
4. If the parties are unable to agree on a specific CT Page 537 visitation schedule, they are referred to Family Services for Mediation.
B. Child Support
1. Commencing January 21, 1994, the defendant shall pay the sum of $100 per week for the support of the minor child so long as unemployed and receiving unemployment compensation.
2. The defendant shall notify the plaintiff within 72 hours of his obtaining full time employment so that an appropriate order pursuant to the Child Support Guidelines can be entered.
C. Medical Benefits
1. The defendant shall provide and maintain medical, hospital and dental care coverage as is available through his employment for the benefit of the minor child. Any uninsured or unreimbursed medical expense incurred by the minor child shall be equally divided between the parties.
D. Alimony
1. Commencing January 21, 1994, and weekly thereafter, the defendant shall pay to the plaintiff as periodic alimony, the sum of $35 per week. Said alimony shall terminate on the death of the defendant, the death of the plaintiff, the remarriage of the plaintiff or four years from the date hereof. In four years the minor child will be 8 years old and attending school on a full time basis. Further, four years will give the plaintiff an opportunity to establish herself in the employment field.
E. Personal Property
1. The plaintiff shall be entitled to the following items of personal property from the marital home:
 her dishes; electric frying pan; griddle/grill; coffee pot; the refrigerator in the downstairs apartment; 1/2 of the depression glass; 4 piece wicker set in the living room; her wedding gown wedding album; CT Page 538 1/2 Christmas decorations; her mother's kitchen table chairs; her personal items of clothing; all of the minor child's clothing; her personal items.
2. The defendant shall be entitled to the remaining items in the marital home.
F. Debts
1. The defendant shall be responsible for and shall hold the plaintiff harmless from all debts owed for medical attention for the minor child and the plaintiff, including but not limited to the following:
 a) Valley Surgical; b) Dr. Shaw, Pediatrician; c) Griffin Hospital; d) Womens Health Care.
2. The defendant shall be solely responsible for the remaining debts as listed on his Financial Affidavit and shall hold the plaintiff harmless therefrom.
G. Property Settlement
1. By way of a property settlement, the defendant shall pay to the plaintiff a lump sum amount of $15300. Said amount shall be secured by a mortgage on the defendant's property at 56 Elaine Drive, Ansonia, Connecticut. Said lump sum shall be paid 1/2 within six months of date and the balance six months thereafter.
2. In arriving at this amount, the court has considered the increase in value of the marital home from the date of the marriage to the present time and the value of the motor vehicle and motorcycle.
H. Pension
1. The plaintiff shall be entitled to a 30% interest in the present day value of the defendant's present pension plan. A QDRO shall be prepared by the plaintiff to effectuate this award.
I. Life insurance CT Page 539
1. The defendant shall name the plaintiff and the minor child as irrevocable beneficiaries on his existing Life Insurance Policies for so long as the defendant has an obligation for support and/or alimony. This provision snail be modifiable.
J. Counsel Fees
1. The plaintiff was previously awarded counsel fees of $1500 which have not been paid. That amount is to be paid to the plaintiff forthwith from the Home Equity Line of Credit proceeds. In addition, the plaintiff is awarded a further award of counsel fees in the amount of $750 to be paid within 90 days hereof.
K. Arrears
1. The court finds an arrears on the Pendente Lite Orders in the amount of $2105 as of January 14, 1994. Said arrears shall be paid in full within 90 days of date. In the event there are any proceeds available from the Home Equity Line of Credit, after the payment of $1500 counsel fees, said proceeds shall be applied toward this arrearage.
L. Miscellaneous
1. The defendant shall be entitled to claim the minor child as an exemption for Income Taxes for the year 1994 and thereafter, provided he is current in his support obligations. The plaintiff shall be entitled to claim the minor child for the year 1993.
2. The defendant shall be entitled to his 1969 Chevrolet Camaro, his 1972 Harley Davidson Motorcycle and the Corvette, where ever it may be.
3. The plaintiff shall be entitled to her 1987 Chevrolet motor vehicle free of any claim by the defendant.
4. The parties shall equally divide the United States Savings Bonds within 2 weeks of date.
M. Change of Name
1. The plaintiff is granted a change of name to Christina A. Lynk. CT Page 540
An immediate withholding is ordered.
COPPETO, J.